IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joshua Walter Lance, ) <br> ) <br> ) Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ~~Sheriff Chuck Wright,~~ *~~Spartanburg~~* ) <br> *~~County, South Carolina~~*; ) <br> Director Major Urch, *Spartanburg* ) <br> *County Detention Center*, ) <br> ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 6:15-1026-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The petitioner is a pre-trial detainee at the Spartanburg County Detention Center. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In his petition, the petitioner indicates that he is a pre-trial detainee in Indictment No. 2014-GS-42-3510 (second-degree criminal sexual conduct) and has entered a plea of "not guilty" (doc. 1 at 2–3). The petitioner is represented by Attorney Candice K. Lapham of Spartanburg in his state court criminal case (*id*. at 3). The petitioner raises various grounds in the Section 2241 petition: (1) the charged crime does not "match" the medical reports or the statements of witnesses (*id*. at 7–8); (2) the petitioner's criminal case has been pending for more than 180 days (*id*. at 8–11); and (3) the judge discriminated against the plaintiff, "jacked" the plaintiff's bond "sky high," and pressured the petitioner to plead guilty (*id*. at 10). In his prayer for relief, the petitioner seeks a personal recognizance bond, an order sending him to "trial ASAP" or an order to have the case dismissed, and a discussion with the "Head" prosecutor about the removal or substitution of the assigned prosecutor (*id*. at 11).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 2254, 28 U.S.C. § 2241, and other habeas corpus statutes. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Public Index for the Spartanburg County Clerk of Court website (http://publicindex.sccourts.org/Spartanburg/PublicIndex, last visited on Mar. 5, 2014) reveals that on August 21, 2014, the petitioner was indicted for criminal sexual conduct (Indictment No. 2014-GS-42-3510), and that the petitioner had been arrested on this charge on December 2, 2013 (Warrant No. 2013A4210204209). *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

With respect to the pending criminal charge, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion also required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for

2

relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief.

The criminal charges in question are pending in the Court of General Sessions for Spartanburg County. The Court of General Sessions for Spartanburg County is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. Art. V, Section 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); and *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this federal court from enjoining such proceedings.

In any event, it is clear that the petitioner has not exhausted his state remedies. The judgment in the petitioner's criminal case will not become final until he is acquitted or convicted and sentenced. If the petitioner is convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 641 S.E.2d 873, 877–82 (S.C. 2007). If his direct appeal is unsuccessful, the petitioner can

file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq* (Westlaw 2015). Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100 (Westlaw 2015); and *Knight v. State*, 325 S.E.2d 535, 537–38 (S.C. 1985).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349–52 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170–73 (4th Cir. 1977).

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy and public trial, was made applicable to the States in 1948. *See In Re Oliver*, 333 U.S. 257, 273 (1948). Even so, in light of the petitioner's failure to exhaust his state court remedies, it is unnecessary for this court to conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Since the petitioner has not been convicted and has yet to exhaust at least four viable state court remedies — a criminal trial, a direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n.4 (4th Cir. 1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned petition *without prejudice* and without requiring the

respondent to file an answer or a return.  It is also recommended that the district court deny a certificate of appealability.  The petitioner's attention is directed to the Notice on the next page.

March 26, 2015                                                                s/ Kevin F. McDonald
Greenville, South Carolina                                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).